IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL PUSHA                                                                      PETITIONER
ADC # 105492

V.                          CASE NO. 5:19-CV-00161-JM-JTK

DEXTER PAYNE, Director[1]                                                    RESPONDENT
Arkansas Department of Correction

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

---

[1] Dexter Payne, replaced Wendy Kelley as Director of the Arkansas Department of Correction. Pursuant to Fed. R. Civ. P. 25(d), Dexter Payne is automatically substituted as Respondent in this matter.

1

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

## Background

Petitioner entered into a negotiated plea of guilty to aggravated robbery on September 6, 2018, in Pulaski County Circuit Court. (DE # 11-3) He was sentenced to 10 years in the Arkansas Department of Correction. *Id.* Petitioner did not appeal and did not seek any form of post-conviction relief in state court.

On May 9, 2019, Petitioner filed his pro se habeas petition pursuant to 28 U.S.C. § 2254. (DE # 2) Petitioner asserts the following claims: (1) actual innocence; (2) unlawful seizure of evidence; (3) prosecutor failed to disclose favorable evidence; (4) double-jeopardy violation; (5) ineffective assistance of trial counsel; (6) prosecutorial misconduct; and (7) judicial misconduct. *Id.* Respondent filed his Response on June 28, 2019, admitting that Petitioner is in his custody and has no unexhausted, non-futile state remedies available to him. (DE # 11) Respondent, however, denies that Petitioner is entitled to an evidentiary hearing or any federal habeas corpus relief because he waived the constitutional claims he asserts in his petition with his guilty plea, and alternatively, because his claims are procedurally defaulted. *Id.* Petitioner filed his Reply on July 12, 2019, arguing that he had ineffective assistance of counsel throughout his entire trial and had no advocate for his rights. (DE # 12) For the reasons set forth below, it is recommended that Petitioner's claim be denied, and his petition dismissed with prejudice.

## Discussion

A. <u>Non-Cognizable Claims</u>

Petitioner's claims for: (1) unlawful seizure of evidence; (2) non-disclosure of favorable evidence; (3) ineffective assistance of counsel; (4) prosecutorial misconduct; and (5) judicial misconduct all involve claims relating to the deprivation of constitutional rights that occurred prior to entry of his guilty plea. At his plea hearing on September 6, 2018, the following exchange took place:

> The Court: Mr. Pusha, you're charged with Aggravated Robbery. It carries ten to forty years to life. You understand what you're charged with?
>
> Mr. Pusha: Yes, sir.
>
> The Court: And did you sign this form indicating you intend to plea guilty?
>
> Mr. Pusha: Yes, sir.
>
> The Court: Did counsel explain the rights on this form to you?
>
> Mr. Pusha: Yes, sir.
>
> The Court: You know you have a right to a trial, right to trial by jury? By pleading guilty, you give up that.
>
> Mr. Pusha: Yes, sir.
>
> The Court: Has anybody promised you anything or threatened you in any way to have you plead guilty?
>
> Mr. Pusha: No, sir.
>
> The Court: What are the facts, please?
>
> Ms. Clancy: Your Honor, on December seventeenth of 2016, the Defendant entered the business of John Sears, and pointed a firearm at him and stole or attempted to take his wallet.
>
> The Court: You're pleading guilty?
>
> Mr. Pusha: Yes, sir.
>
> The Court: Guilty plea accepted.

(DE # 11-2 pgs. 4-5) The United States Supreme Court has held "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*."

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The standard of competency of counsel set forth in *McMann v. Richardson*, 397 U.S. 759, 771 (1970), is that a prisoner must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases." All of Petitioner's claims referenced above relate to deprivation of rights that occurred prior to the entry of his guilty plea, and therefore, are not cognizable in a federal habeas action. Additionally, his ineffective assistance of counsel claim merely focuses on the performance of his trial counsel (*i.e.* his attorney "never represented" him, never objected to any of the falsified claims, and he never had visits with his trial counsel). Petitioner never alleges any error in his counsel's performance that had any effect on the voluntary and intelligent nature of his guilty plea, and therefore, this claim is non-cognizable as well.

Petitioner's actual innocence claim while also being waived by his guilty plea, is not cognizable in this matter. The United States Supreme Court has made clear on many occasions that the purpose of habeas review is not to weigh the evidence or review a petitioner's innocence or guilt, but to ensure that his or her constitutional rights have been preserved. *Herrera v. Collins*, 506 U.S. 390, 400-401 (1993). "This rule is grounded in the principle that federal courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact." *Id.* at 400. Petitioner asserts a free-standing innocence claim with no independent constitutional violation; therefore, in accordance with well-established United States Supreme Court precedent, this claim is not cognizable in federal habeas.

B. Procedural Default

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. Failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims.

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can

meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id*. (quoting *Coleman*, 501 U.S. at 753). Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

Here, the Petitioner never presented any of his claims in state court. By failing to do so, he failed to develop the factual basis for his claims in state court proceedings as required by 28 U.S.C. § 2254(e)(2), and therefore, his claims are procedurally defaulted. Furthermore, Petitioner has not established cause for the default and actual prejudice because of the alleged violations of federal law, nor has he alleged facts showing a fundamental miscarriage of justice. Therefore, even if Petitioner's claims were not waived by his voluntary guilty plea, all of his claims are procedurally barred from review.

7

C. <u>Meritless Claim</u>

Lastly, Petitioner's claim that his "conviction [was] obtained by a violation of the protection against double jeopardy" has no merit.  Petitioner alleges that he was charged with aggravated robbery and "threat to do harm." (DE # 2 pg. 5)  He also alleges that he was charged with three theft of property charges.  *Id.* at 6.  It is clear, however, from the transcript of his plea hearing that he was only charged with one charge of aggravated robbery.  (DE # 11-2 p. 3)  Furthermore, the prosecutor stated during the hearing, that as a part of the negotiated plea, the State nolle prossed counts two through five and the enhancement.  *Id.*  The Sentencing Order shows that the nolle prossed counts were three counts of theft of property and one count of possession of a firearm.  (DE # 11-3 pgs. 2-3)  Based upon the evidence before the Court, Petitioner's allegation is simply incorrect and this claim has no merit.  Petitioner's double-jeopardy claim does not entitle him to federal habeas relief.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 1st day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE